UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MITCHEL R. CALLEY,

          Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

          Defendant.

CASE NO. 14-cv-05772 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed (*see* Dkts. 14, 15, 16).

After considering and reviewing the record, the Court concludes that the ALJ erred in discounting plaintiff's credibility without providing any clear and convincing reasons supported by substantial evidence. Because the residual functional capacity

("RFC") should have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, MITCHEL R. CALLEY, was born in 1960 and was 51 years old on the alleged date of disability onset of January 15, 2011 (*see* AR. 164-67, 168-73). Plaintiff completed high school (AR. 33). Plaintiff has work experience as a concrete finisher and interior demolish person (AR. 34).

According to the ALJ, plaintiff has at least the severe impairments of "chronic thrombocytopenia (low blood platelet count); osteoarthritis; peripheral neuropathy; and a history of alcohol abuse in early remission (20 CFR 404.1520(c) and 416.920(c))" (AR. 17).

At the time of the hearing, plaintiff was living on the streets, using a homeless shelter as his address (AR. 32).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 61-69, 71-79, 81-90, 92-101). Plaintiff's requested hearing was held before Administrative Law Judge Rudolph M. Murgo ("the ALJ") on

April 16, 2013 (*see* AR. 28-59). On April 24, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 12-27).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's RFC; (4) Whether or not the ALJ erred by basing his step five finding on a RFC assessment that did not include all of plaintiff's limitations; (5) Whether or not the ALJ erred by relying upon vocational expert testimony that deviated from the *Dictionary of Occupational Titles (DOT)*; and (6) Whether or not the Commissioner erred by failing to include in the court transcript all of the medical records plaintiff submitted to the Appeals Council (*see* Dkt. 14, p. 1). Because this Court reverses and remands the case based on issues 2, 3, and 4, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ properly evaluated plaintiff's testimony.**

Plaintiff contends that the ALJ erred by failing to give legally sufficient reasons for finding plaintiff not to be credible (*see* Opening Brief, Dkt. 14, pp. 7-11). The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible for several reasons (*see* AR. 19-21). First, the ALJ found that plaintiff's allegations were not fully supported by objective evidence (AR. 19). Also, the ALJ found that plaintiff's limited medical treatment did not support his allegations (*id*.). Next, the ALJ found that plaintiff's allegations were inconsistent with his testimony at the hearing (AR. 20). Finally, the ALJ found that plaintiff's daily activities were inconsistent with his allegations of disabling impairment (AR. 21).

The ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). According to the Ninth Circuit, "we may not take a general finding-an unspecified conflict between Claimant's testimony about daily activities and her reports to doctors-

and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell*, *supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

and comb the administrative record to find specific conflicts." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen*, *supra*, at 1284 (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)); *see also Reddick, supra*, 157 F.3d at 722 (*citing Bunnell*, *supra*, 947 F.2d at 343, 346-47). The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit:

> Indeed, the cases following *Bunnell* read it as supplementing the "clear and convincing" standard with the requirement that the reasons also must be "specific." (Internal citation to *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995)). Our more recent cases have combined the two standards into the now-familiar phrase that an ALJ must provide specific, clear, and convincing reasons. (Internal citation to *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). There is no conflict in the caselaw, and we reject the government's argument that *Bunnell* excised the "clear and convincing" requirement. We therefore review the ALJ's discrediting of Claimant's testimony for specific, clear, and convincing reasons.

*Burrell, supra*, 775 F.3d at 1137; *see also Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected").

As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss, supra*, 427 F.3d at 1214 n.1 (*citing Tidwell, supra*, 161 F.3d at 601). That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

First, the ALJ's statement that plaintiff's allegations were not supported by objective evidence in the record is not a convincing reason for discounting plaintiff's testimony (*see* AR. 19). Although an ALJ may discredit a plaintiff's testimony when it contradicts evidence in the medical record, *see Johnson, supra,* 60 F.3d at 1434, an ALJ may not discredit a plaintiff's testimony simply as not supported by objective medical evidence. *Bunnell*, *supra*, 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at 1407). Furthermore, a claimant's pain testimony may not be rejected "*solely* because the

degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (*quoting Bunnell, supra*, 947 F.2d at 346-47 (*en banc*)) (emphasis added); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.2001); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The same is true with respect to a claimant's other subjective complaints. *See Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (finding that while holding in *Bunnell* was couched in terms of subjective complaints of pain, its reasoning extended to claimant's non-pain complaints as well).

Here, the ALJ began his analysis of plaintiff's credibility by stating that plaintiff's allegations "are not fully supported by the objective evidence" (*see* AR. 19). The ALJ then went on to describe several of plaintiff's visits to the emergency room but never explicitly identified any contradictions between plaintiff's testimony and the medical evidence (*see* AR. 19-20). The ALJ explains that "alcohol was involved in most instances" of plaintiff visiting the emergency room complaining of knee pain and that several physical examinations revealed good strength in plaintiff's extremities and normal gait (*see* AR. 19). However, that alcohol was involved does not contradict plaintiff's allegations of knee pain, and that plaintiff may present with good strength and normal gait at times does not contradict his testimony that he can stand or walk for short periods of time before the pain forces him to stop.

The ALJ also stated that the objective evidence "does not support the degree of knee dysfunction the claimant alleges" and that plaintiff's allegations "are not fully supported by the report of Donald Ramsthel, M.D." (*see* AR. 20). However, in his

credibility assessment, the ALJ also recognized that plaintiff was diagnosed with bilateral knee pain, most likely arthritis, with reduced range of motion in his knees (*see* AR. 20). That medical evidence does not support the degree of impairment alleged is not a sufficient reason to reject plaintiff's testimony. *See Orteza, supra*, 50 F.3d at 749-50. With no clear contradictions between plaintiff's allegations and the objective medical evidence, the ALJ did not have a legally sufficient reason to discredit plaintiff's testimony.

Also, the ALJ's mention of the record documenting relatively little medical treatment is not a clear and convincing reason supported by substantial evidence for discounting plaintiff's credibility (*see* AR. 19). An "individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints . . . . and there are no good reasons for this failure." Social Security Ruling ("SSR") 96-7p 1996 SSR LEXIS 4, at *21-*22. However, "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." *Id*. at *22; *see also Regennitter v. Comm'r SSA*, 166 F.3d 1294, 1296 (9th Cir. 1999) ("Although we have held that 'an unexplained, or inadequately explained failure to seek treatment can cast doubt on the sincerity of a claimant's pain testimony,' we have proscribed the rejection of a claimant's complaint for lack of treatment when the record establishes that the claimant could not afford it") (citations, ellipses and brackets omitted).

Here, after mentioning that the record documented little medical treatment, the ALJ went on to list plaintiff's visits to the emergency room and the treatment he sought for numbness in his legs in 2011 and 2013 (*see* AR. 19-20). The ALJ then mentions that plaintiff reported in 2013 not using any therapy for his leg pain and that the record did not indicate plaintiff used any medication other than over-the-counter remedies (*see* AR. 20). The case that the ALJ is trying to make regarding plaintiff's credibility in relation to his medical treatment is far from clear. But insofar as the ALJ is claiming that plaintiff did not adequately pursue treatment, this claim is not supported by substantial evidence.

Plaintiff reported having no income other than food stamps and being on a state medical insurance plan, though he did not explain how much of his medical bills are covered under the plan (*see* AR. 33-34). As outlined by the ALJ, plaintiff visited the emergency room, often the only financially feasible treatment available to those without income, when his legs gave out on him (*see* AR. 19-20). Plaintiff also sought treatment on multiple occasions for his leg pain and other complaints (*see* AR. 20, 288-89, 310-16). That plaintiff did not seek additional therapy or prescription medication is not substantial evidence for apathy regarding his impairments, especially considering his lack of income. There is no indication that the ALJ considered possible explanations from the record for a lack of more consistent treatment; therefore, the ALJ erred in discounting plaintiff's credibility for this reason.

Next, the ALJ's statement that plaintiff's allegations were inconsistent with his testimony at the hearing is not convincing and supported by substantial evidence (*see* AR. 20). A claimant's reputation for truthfulness and inconsistencies in testimony may be a

factor in an ALJ's determination of the claimant's credibility. *See Smolen, supra*, 80 F.3d at 1284.

The ALJ in this case found that plaintiff's allegations of knee pain and that his knee condition worsens in cold weather were inconsistent with his testimony at the hearing that he chose to sleep outside rather than in homeless shelters. However, plaintiff explained at the hearing that he spends as little time in the shelter as possible because he cannot be around so many people (*see* AR. 42). That plaintiff's sleeping options are therefore limited when the weather turns cold is far from a convincing reason to discredit his entire testimony regarding his disabling impairments. The ALJ attempts to explain that while plaintiff claims to have difficulty being around people, plaintiff has no diagnosis of any psychological disorder and spends the majority of his day in the library. However, in simply providing an explanation for why he leaves the shelter, plaintiff is not required to have a medical diagnosis. Also, plaintiff's testimony does not give the ALJ any reason to infer that the library is so full of people that plaintiff could not find space to himself; in fact, plaintiff explained at the hearing that he goes to the library during the day right after he explained that he leaves the shelter because there are too many people there (*see* AR. 42). These alleged inconsistencies in plaintiff's testimony are not convincing and supported by substantial evidence.

Finally, the ALJ's statement that the daily activities plaintiff described were inconsistent with his other complaints of disabling symptoms and limitations is not supported by substantial evidence (*see* AR. 21). Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on

certain daily activities . . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). However, the Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603).

Here, the ALJ believed plaintiff's ability to perform self-care activities – namely walking, using public transportation, shopping for food, and reading at the library five or six hours a day – was inconsistent with his allegations of knee pain, providing no further specific analysis (*see* AR. 21). However, staying at the library for most of the day to read in fact supports plaintiff's testimony that he cannot walk for very long (*see* AR. 38). The other activities listed are daily necessities to survive for a person living alone on the streets, and that plaintiff accomplishes those activities in no way suggests that his allegations of pain that prevent him from being able to work a full day are not credible. *See Reddick, supra*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). Specifically, that plaintiff testified that when he goes out, he travels by walking and using public transportation (*see* AR. 207), without any indication of how far or how long he walks, does not create an inconsistency with his allegations in the same report that his walking is limited because his "knees are like boards" (*see* AR. 211). Therefore, the ALJ provided

no clear and convincing reasons supported by substantial evidence for discounting plaintiff's credibility.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). Here, because the ALJ improperly rejected plaintiff's testimony in forming the RFC and plaintiff was found to be capable of performing work based on that RFC, the error affected the ultimate disability determination and is not harmless.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen, supra*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," and that "remand for an immediate award of benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational expert may still find an ability to perform other jobs existing in significant numbers in the national economy despite

1  additional limitations. Accordingly, remand for further consideration is warranted in this
2  matter.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** is for plaintiff and the case should be closed.

Dated this 20th day of July, 2015.

J. Richard Creatura
United States Magistrate Judge